# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RONALD SILVA,

     Plaintiff

v.

JAMES STOGNER, et. al.

     Defendants

Case No.: 3:20-cv-00027-ART-CSD

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Re: ECF No. 33

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for substitution of Defendants. (ECF No. 33.) Defendants filed a response. (ECF No. 39.) Plaintiff filed a reply. (ECF No. 41.)

For the reasons set forth below, the motion should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). The events giving rise to this action took place when Plaintiff was housed at Northern Nevada Correctional Center (NNCC).

The court screened Plaintiff's first amended complaint (FAC) and allowed him to proceed with claims under the First Amendment's Free Exercise Clause and RLUIPA against Stogner, Snyder and Walsh. The claims are based on allegations that Defendants denied Plaintiff, who is a Messianic Jew, a variety of religious items, denied him the ability to receive donated

religious items, denied him the ability to properly observe Saturday Sabbath services, and hindered his ability to properly observe holy feast days, without any reasonable basis for doing so. (ECF No. 27.) Plaintiff's claim that Rosskam and Brumfield denied him a proper Messianic Jewish diet for his holy feast days was dismissed without prejudice, as was his equal protection claim alleging that Stogner and Walsh have shown favoritism by accommodating other religions but not Messianic Jews. (*Id.*) Plaintiff was given leave to file a second amended complaint, which he did, and which the court screens in a separate order.

On July 5, 2022, Defendants filed a notice indicating Snyder had passed away. (ECF No. 30.)

On July 11, 2022, District Judge Traum issued an order that if a motion to substitute the proper party was not made under Rule 25 within 90 days, Snyder would be dismissed. (ECF No. 32.)

On August 5, 2022, Plaintiff filed this motion to substitute. (ECF No. 33.)

## II. DISCUSSION

Plaintiff asserts that Snyder was the supervisor of the RRT. Plaintiff seeks to substitute Julio Calderon for Snyder, claiming that Calderon is the current RRT supervisor. Plaintiff also asks the court to serve a notice on Snyder's estate "for any and all of the monetary damages, punitive and compensatory ordered by this court, in this civil action." (ECF No. 33.)

Defendants respond that there is no supervisor for the RRT, and instead, the RRT, under Administrative Regulation (AR) 810.04(2), consists of a warden, a chaplain, and their designees. Moreover, there is no evidence Calderon is Snyder's successor in interest. Defendants assert, however, that Deputy Director Williams can be substituted insofar as Plaintiff sued Snyder in his official capacity.

Defendants also argue the court should deny Plaintiff's request for service of a notice on Snyder's estate because the court has not ordered any damages and there is no provision allowing for pretrial seizure of Snyder's property.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any part or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Plaintiff has timely filed his motion to substitute. Plaintiff sued Snyder in his individual and official capacities. Insofar as Snyder is sued in his individual or personal capacity, the plaintiff has to pursue the action against the decedent's successor in interest such as the executor or administrator of his or her estate[1]. *Kentucky v. Graham*, 437 U.S. 159, n. 11 (1985); *see also LN Mgmt. v. JP Morgan Chase Bank*, 957 F.3d 943 (9th Cir. 2020).

Plaintiff has not provided any evidence that Snyder has an estate, let alone identified the executor or administrator of his estate for purposes of substitution. Substituting Calderon in Snyder's place insofar as Snyder is sued in his *individual* capacity is inappropriate because Calderon is not Snyder's successor in interest in his individual capacity.

With respect to Snyder being sued in his official capacity, Rule 25 provides that when a "public officer" is sued in his or her official capacity, the action does not abate when the public officer "dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Instead, "[t]he officer's successor is automatically substituted as a party." *Id*.

---

[1] The estate itself, as opposed to the executor, is not a legal entity.

Assuming, without deciding, that Snyder was a "public officer" for purposes of Rule 25(d), Defendants assert that Deputy Director Williams may be substituted for Snyder insofar as he is sued in his official capacity. Calderon is not an appropriate substitute as Defendants represent there is no "supervisor" of the RRT.

In sum, Plaintiff's motion should be granted insofar as Deputy Director Williams should be substituted for Snyder in his official capacity. Snyder should be dismissed insofar as he is sued in his individual or personal capacity. The dismissal should be without prejudice. Rule 25(a)(1) "does not specify whether the dismissal 'must' be *with prejudice*." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis original). The Ninth Circuit has noted, however, that "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" *Id*. (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); *United States v. Miller Bros Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974); 7C Charles Alan Wright, et. al., Federal Practice and Procedure § 1955 (3d ed. 2017)). Rule 6(b) would govern a late motion to substitute. *Id*. at 1095.

In case Plaintiff should obtain information identifying Snyder's executor or administrator after expiration of the 90-day period, Snyder's dismissal in his individual capacity should be without prejudice (however, Plaintiff will have to make the requisite showing under Rule 6(b)). *See id.* (noting that dismissal with prejudice is not mandatory).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING IN PART AND DENYING IN PART** Plaintiff's motion to substitute Defendants (ECF No. 33). Plaintiff's motion should be **DENIED** as to his request to substitute Calderon in Snyder's

place (in either his individual or official capacity). Plaintiff's motion should be **GRANTED** insofar as the court should substitute Deputy Director Williams in place of Snyder in his official capacity. Snyder should be **DISMISSED WITHOUT PREJUDICE** insofar as he is sued in his individual capacity. Any motion to substitute that identifies Snyder's executor or administrator after expiration of the 90-day period must make the requisite showing under Rule 6(b).

If this Report and Recommendation is adopted, the Attorney General's Office should be given 14 days from any order adopting the Report and Recommendation to file a notice indicating whether it will accept service for Deputy Director Williams.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: September 28, 2022

Craig S. Denney
United States Magistrate Judge

5