# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RONALD SILVA,

      Plaintiff

v.

JAMES STOGNER, et al.,

      Defendants

Case No.: 3:20-cv-00027-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 35

      This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

      Before the court is Plaintiff's second amended complaint (SAC), which the court screens under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I. BACKGROUND

      Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). The events giving rise to this action took place when Plaintiff was housed at Northern Nevada Correctional Center (NNCC).

      The court screened Plaintiff's first amended complaint (FAC) and allowed him to proceed with claims under the First Amendment's Free Exercise Clause and RLUIPA against Stogner, Snyder, and Walsh. The claims are based on allegations that Defendants denied Plaintiff, who is a Messianic Jew, a variety of religious items, denied him the ability to receive donated religious items, denied him the ability to properly observe Saturday Sabbath services, and hindered his ability to properly observe holy feast days, without any reasonable basis for

1   doing so. (ECF No. 27.) Plaintiff's claim that Rosskamm and Brumfeld denied him a proper

2   Messianic Jewish diet for his holy feast days was dismissed without prejudice, as was his equal

3   protection claim alleging that Stogner and Walsh have shown favoritism by accommodating

4   other religions but not Messianic Jews. (*Id.*) Plaintiff was given leave to file a SAC. (*Id.*)

5   Plaintiff filed the SAC (ECF No. 35), which the court now screens.

6                                      **II. LEGAL STANDARD**

7              Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

8   if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

9   (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

10  seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

11  § 1915(e)(2)(A), (B)(i)-(iii).

12             In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

13  feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

14  which a prisoner seeks redress from a governmental entity or officer or employee of a

15  governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

16  cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

17  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

18  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

19             Dismissal of a complaint for failure to state a claim upon which relief may be granted is

20  provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

21  28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

22  complaint under these statutes, the court applies the same standard as is applied under Rule

23  12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

**A. Defendants and Claims Asserted in the SAC**

Plaintiff's SAC names as defendants: James Stogner, Lisa Walsh, Richard Snyder, Yisroel Rosskamm, and Jason Brumfeld. Plaintiff asserts claims for denial of his rights under the First Amendment's Free Exercise Clause and RLUIPA against each of these Defendants, as well as a claim for denial of his right to equal protection under the Fourteenth Amendment against Stogner, Walsh, and Snyder.

**B. First Amendment Free Exercise and RLUIPA[1]**

### 1. Stogner, Walsh and Snyder[2]

Like the FAC, Plaintiff alleges that Stogner, Walsh, and Snyder violated his First Amendment Free Exercise and RLUIPA rights when they denied Plaintiff's requests to obtain approved religious items, his request for a Sabbath worship timeslot, his requests to receive religious items or materials by donation, his request to practice Sabbath group services, and the proper two-day observance of his approved holy day of Purim.

As the court found with respect to the FAC, Plaintiff states colorable claims under the First Amendment Free Exercise Clause and RLUIPA against Stogner, Walsh, and Snyder.

### 2. Rosskamm and Brumfeld

Plaintiff also alleges that Rosskamm and Brumfeld denied him a proper Messianic Jewish diet for his approved holy feasts.

#### i. Brumfeld

Plaintiff alleges that Brumfeld is NNCC's culinary manager and is responsible for ensuring Plaintiff is able to receive the Common Fare Menu (CFM) religious diet as the approved menu dictates and without substitutions except for seasonal fruits and vegetables. Plaintiff avers that Brumfeld has defiled his religious beliefs by violating the standard for preparation of the CFM. He alleges that bread bags are used to include vegetables and dry foods combined together, which are stored overnight and become soggy and wet from the moisture from the cut vegetables, and some meals include rotten fruits or vegetables. Plaintiff claims he has been forced to dispose of contaminated meals and forego consumption. He contends that as a

---

[1] The legal standards for the Free Exercise Clause and RLUIPA are set forth in the orders screening Plaintiff's original complaint and FAC.

[2] *See* discussion, *infra,* regarding proceeding against Snyder.

result, Brumfeld has denied Plaintiff his exercise of his Messianic Jewish faith requirement to consume Kosher foods.

In screening the FAC, District Judge Traum found that Plaintiff's allegations that Brumfeld combined vegetables in a bread bag and stored them overnight that resulted in rotten or inedible vegetables, without explaining how being stored such vegetables burdens his religious beliefs, were insufficient to state a claim against Brumfeld. Plaintiff's allegations in the SAC do not differ materially from the FAC. While Plaintiff includes a conclusion that Brumfeld denied Plaintiff's ability to exercise his faith requirement to consume Kosher foods, he still does not explain how serving him these items goes against his Kosher or other Messianic beliefs. Therefore, Plaintiff should not be allowed to proceed against Brumfeld. Plaintiff has had several opportunities to assert a claim against Brumfeld, therefore, it is recommended that Brumfeld be dismissed with prejudice.

### ii. Rosskamm

Plaintiff alleges that Rosskamm has been acting as NDOC's religious diet and CFM consultant at NNCC and is responsible for ensuring religious meal provisions on the CFM meet or exceed "Orthodox Union Standards for Kosher" and makes recommendations to culinary staff at NNCC regarding distribution of food. In addition, Plaintiff alleges that Rosskamm is responsible for meeting with religious diet participants on the CFM to resolve disputes. Plaintiff claims he has been denied meetings with Rosskamm to have his diet issues resolved.

Plaintiff does not allege how Rosskamm violated his religious rights under the First Amendment or RLUPA. While he alleges that Rosskamm is responsible for ensuring the CFM meets Kosher standards, he does not include allegations that *Rosskamm* failed to do so. Moreover, the fact that Plaintiff has been denied meetings with Rosskamm, on its own, does not

1  amount to a violation of his religious rights. Therefore, Rosskamm should be dismissed. Again,

2  Plaintiff has had several opportunities to state a claim against Rosskamm; therefore, the

3  dismissal should be with prejudice at this juncture.

4  **C. Equal Protection**

5        Plaintiff alleges that Stogner, Walsh, and Snyder demonstrated favoritism because

6  Messianic Jewish adherents were told they could use the chapel, but they required an outside

7  volunteer or chaplain supervision for weekend observance, while other religious groups

8  (referencing Native Americans and pagan groups) did not require an outside volunteer or

9  chaplain supervision.

10        A requirement of an equal protection claim is the allegation of facts demonstrating that

11  defendants acted with the intent and purpose to discriminate against Plaintiff based upon his faith

12  or that they purposefully treated him differently than similarly situated individuals without any

13  rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.

14  2001); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

15        The Equal Protection Clause protects prisoners from intentional discrimination based on

16  their religion. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds

17  by *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). To establish an equal protection

18  claim, however, it is not sufficient to show that plaintiff is a member of a protected class and

19  suffered some adverse action; there must be evidence of discriminatory intent. *See Washington v.*

20  *Davis*, 426 U.S. 229, 239-40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003);

21  *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). He must allege facts that show a

22  defendant took action against him because of his membership in a protected class. *Ashcroft v.*

23  *Iqbal*, 556 U.S. 662, 678-83 (2009). The defendant must undertake the course of action because

6

1  of, not in spite of, the adverse effects on an identifiable group. *Id*. Specific, non-conclusory

2  factual allegations are required. *Id*.

3        Plaintiff still does not include sufficient, specific *factual* allegations to support an equal

4  protection claim. Plaintiff broadly states that Messianic Jews had to have a volunteer or chaplain

5  supervision to have services on the weekends while other groups did not. The only groups

6  Plaintiff mentions, however, are Native Americans and pagans, and Plaintiff indicates they did

7  not use the chapel (presumably their religious grounds are outside). Plaintiff still includes no

8  *facts* to demonstrate a purpose or intent to discriminate against him based on his faith group. Nor

9  does it appear that the other groups he references were similarly situated to him as they were not

10  using the chapel. Therefore, Plaintiff does not state a colorable equal protection claim. Plaintiff

11  has been given several opportunities to amend to state an equal protection claim; therefore, this

12  claim should be dismissed with prejudice at this juncture.

13  **D. Snyder**

14        The court has concurrently recommended that Snyder, who has passed away, be

15  dismissed without prejudice insofar as he is sued in his individual capacity, and that Deputy

16  Director Williams be substituted in his place insofar as Snyder is sued in his official capacity. If

17  both of these Report and Recommendations are adopted, the First Amendment Free Exercise and

18  RLUIPA claims should proceed against Stogner, Walsh, and against Deputy Director Williams

19  (in his official capacity), but not against Snyder (either in his individual capacity because the

20  court has recommended dismissal of Snyder in his individual capacity, or in his official capacity

21  because the court has recommended Deputy Director Williams be substituted in Snyder's place

22  insofar as Snyder is sued in his official capacity).

23

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order that:

(1) the SAC (ECF No. 35) is the operative complaint;

(2) Plaintiff be allowed to **PROCEED** with the First Amendment Free Exercise Clause, RLUIPA and equal protection claims against Stogner, Walsh and Deputy Director Williams (only in his official capacity), but that he **not** be allowed to proceed against Snyder;

(3) that Brumfeld and Rosskamm be **DISMISSED WITH PREJUDICE**; and

(4) that Defendants file an answer or other responsive pleading within **21 days** of the date of any order adopting this Report and Recommendation.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 29, 2022

Craig S. Denney
United States Magistrate Judge

8