1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD SILVA,

Plaintiff,

v.

JAMES STOGNER, *et al.,*

Defendants.

Case No. 3:20-cv-00027-ART-CSD

ORDER ADOPTING-IN-PART
MAGISTRATE JUDGE DENNEY'S
REPORT AND RECOMMENDATION
(ECF No. 42)

Before the Court is a Report and Recommendation ("R&R") (ECF No. 42) by Magistrate Judge Denney recommending the Court grant-in-part and deny-in-part Plaintiff Ronald Silva's ("Silva") Motion for Substitution. (ECF No. 33). Silva timely objected. (ECF No. 46). For the reasons explained below, this Court grants Silva's Objection, and adopts the R&R insofar as it permits substitution but alters the official to be substituted.

### I. BACKGROUND

Silva, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at the Northern Nevada Correctional Center ("NNCC"), brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) against Defendants James Stogner, Lisa Walsh, and Richard Snyder (collectively, "Defendants"). Silva, a Messianic Jew, alleges that Defendants denied him various religious items and hindered his ability to practice his faith.

On June 7, 2021 Silva filed his first amended complaint (ECF No. 20). On June 13, 2022, the Court accepted the first amended complaint as the operative complaint, granted Silva's IFP application, dismissed Defendants Yisrael Rosskamm and Jason Brumfeld, and issued procedural instructions. (ECF No. 27). On July 5, 2022, service was accepted by Defendants James Stogner and

Lisa Walsh, but rejected as to Defendant Richard Snyder (ECF No. 29). Also on July 5, 2022, Defendants James Stogner and Lisa Walsh filed a suggestion of death on the record, indicating that Richard Snyder had died on June 20, 2021, and that the Office of the Attorney General neither had any representative capacity for the estate, nor possessed any information regarding whether an estate exists or who the executor of said estate might be. (ECF No. 30). On July 11, 2022, this Court issued an order stating that Snyder would be dismissed from this action if Silva did not file a motion to substitute within 90 days. (ECF No. 32).

Silva timely filed his Motion to Substitute on August 5, 2022. (ECF No. 33). Magistrate Judge Denney issued his R&R on September 28, 2022 granting-in-part Silva's Motion to Substitute but recommending the substitution of a different party than Silva preferred. (ECF No. 42). Silva timely objected on October 10, 2022, (ECF No. 46) and subsequently filed a Motion for Leave to File Reply, (ECF No. 48), and a Motion for Oral Argument (ECF No. 49) on November 7, 2022.

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Silva filed his Objection.[1] (ECF No. 46).

## III.     DISCUSSION

In his R&R, Magistrate Judge Denney recommended 1) dismissing Richard Snyder, former chaplain, in his individual capacity without prejudice; 2) denying

---

[1] The Court notes that Defendants wrongly apply the "clearly erroneous" standard of review that is proper when no objection to a report and recommendation is filed. (ECF No. 47 at 2).

1  Silva's request to substitute Julio Calderon, current chaplain, for Richard Snyder

2  in his official capacity; and 3) granting Silva's Motion to Substitute insofar as

3  Judge Denney recommended the substitution of another member of the Religious

4  Review Team, then Deputy Director Brian Williams, for Snyder. (ECF No. 42).

5     In his Objection, Silva objected "vehemently against the substitution of Deputy

6  Director Williams," but agreed with Magistrate Judge Denney that he "must seek

7  identification of the Defendant Richard Snyder's estate, executor or executrix of

8  such [sic], to enable him to serve a proper notice of pending litigation" and did

9  not otherwise object to Magistrate Judge Denney dismissing Snyder in his

10  individual capacity without prejudice. (ECF No. 46 at 3, 4). The Court therefore

11  reviews de novo Magistrate Judge Denney's substitution of Williams for Snyder.

12     Federal Rule of Civil Procedure 25(d) provides that "when a public officer who

13  is a party in an official capacity dies . . . [t]he officer's successor is automatically

14  substituted as a party." Fed. R. Civ. P. 25(d). The advisory committee notes

15  explain that the rule is "merely a procedural device for substituting a successor

16  for a past officeholder." Fed. R. Civ. P. 25(d) advisory committee's note (1961

17  amendment). Here, the parties debate whether or not Deputy Director Williams

18  was Chaplain Snyder's successor on the Religious Review Team ("RRT").

19     The plain language of Rule 25(d) requires the "automatic substitution" of the

20  party's "successor." Courts have generally interpreted Rule 25(d) as substituting

21  a new party in the same position or role as the deceased party. *See, e.g.*, *King v.*

22  *McMilan*, 594 F.3d 301 (4th Cir. 2010) (substituting newly elected sheriff in place

23  of former sheriff over Defendant's objections); *Soc'y of Separationists v. Pleasant*

24  *Grove City*, 416 F.3d 1239 (10th Cir. 2005) (substituting two newly elected city

25  council members for their predecessors); *Cnty. Bd. of Arlington, VA v. U.S. Dep't*

26  *of Transp.*, 705 F. Supp. 2d 25 (D.D.C. 2010) (substituting current Secretary of

27  Transportation in his official capacity for the Commonwealth of Virginia for the

28  former Secretary, where Defendants sought substitution with the Commissioner

of VDOT rather than the Secretary's successor). Moreover, former Rule 25(d)(2), now 17(d), provides that "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name. . . ." Fed. R. Civ. P. 17(d). Given that the Federal Rules explicitly allow for suits against a public officer sued in their official capacity to designate that officer by title, rather than name, it follows that Rule 25(d) anticipates the substitution of a deceased party with a new party who bears the same title as their predecessor.

The Court takes judicial notice of the fact that Brian Williams is now the Warden at High Desert State Prison ("HDSP") rather than a Deputy Director assigned to the Religious Review Team. *See High Desert State Prison*, STATE OF NEVADA DEPARTMENT OF CORRECTIONS, https://doc.nv.gov/Facilities/HDSP_Faciltiy/ (last visited March 27, 2023). As such, Williams is not Chaplain Snyder's "successor" for purposes of Fed. R. Civ. P. 25(d), and the Court instead finds that Chaplain Julio Calderon is Chaplain Snyder's successor for purposes of Rule 25(d) as the record suggests Chaplain Calderon replaced Chaplain Snyder on the Religious Review Team. (ECF No. 49 at 42).

### IV. CONCLUSION

It is therefore ordered that Silva's Objection (ECF No. 46) is granted.

It is further ordered that Magistrate Judge Denney's Report and Recommendation (ECF No. 42) is adopted-in-part insofar as it permitted substitution, dismissed Snyder in his individual capacity without prejudice, and noted that any motion that identifies Snyder's executor or administrator must make the requisite showing under Rule 6(b).

It is further ordered that Magistrate Judge Denney's Report and Recommendation (ECF No. 42) is rejected-in-part insofar as it ordered the substitution of Chaplain Snyder with Deputy Director Williams.

It is further ordered that Chaplain Calderon is substituted in the place of

Chaplain Snyder in Snyder's official capacity.

It is further ordered that the Attorney General's Office has 14 days from the date of this order to file a notice indicating whether it will accept service for Chaplain Calderon.

Because the Court considered Silva's proposed Reply, it is further ordered that Silva's Motion for Leave to File Reply (ECF No. 48) is granted.

It is further ordered that Silva's Motion for Oral Argument (ECF No. 50) is denied.

It is so ordered.


DATED THIS 29th day of March 2023.


_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE