UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SILVA,<br><br>   Plaintiff,<br>v.<br>JAMES STOGNER, *et al.*,<br><br>   Defendants. | Case No. 3:20-cv-00027-ART-CSD<br><br>ORDER ADOPTING MAGISTRATE JUDGE DENNEY'S REPORT AND RECOMMENDATION (ECF No. 43) |

*Pro se* Plaintiff Ronald Silva ("Silva") brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) against Defendants James Stogner, Lisa Walsh, Richard Snyder, Yisrael Resskamm, and Jason Brumfeld (collectively, "Defendants"). Silva, a Messianic Jew, alleges that Defendants denied him various religious items and hindered his ability to practice his faith.

On June 7, 2021 Silva filed his First Amended Complaint (ECF No. 20). On June 13, 2022, the Court accepted the First Amended Complaint as the operative complaint, granted Silva's IFP application, dismissed Defendants Yisrael Rosskamm and Jason Brumfeld, issued procedural instructions, and gave Silva leave to file a Second Amended Complaint ("SAC"). (ECF No. 27). Silva filed the SAC on August 10, 2022. (ECF No. 35).

Before the Court is a Report and Recommendation ("R&R") (ECF No. 43) by Magistrate Judge Denney screening Silva's SAC. Judge Denney recommended that Silva be allowed to proceed with his First Amendment Free Exercise Clause, RLUIPA, and equal protection claims against Stogner, Walsh and Deputy Director Williams in his official capacity. (ECF No. 43 at 8). Judge Denney further recommended that Defendants Brumfeld and Rosskamm be dismissed with prejudice, and that Defendants file an answer or other responsive pleading within 21 days of the order adopting Judge Denney's R&R. (*Id.*) Silva had until October

1

13, 2022, to file an objection. To date, no objection to this R&R has been filed. For this reason, and as explained below, the Court adopts all of Judge Denney's recommendations with the exception of allowing claims to proceed against Deputy Director Williams. As discussed in a separate order (ECF No. 59), these claims should proceed against Chaplain Julio Calderon rather than Deputy Director Williams.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection to this R&R, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Here, Judge Denney recommends that: 1) Silva be allowed to proceed with his First Amendment Free Exercise Clause, RLUIPA, and equal protection claims against Stogner, Walsh and Deputy Director Williams in his official capacity; 2) Defendants Brumfeld and Rosskamm be dismissed with prejudice; and 3) Defendants file an answer or other responsive pleading within 21 days of the order adopting Judge Denney's R&R. (ECF No. 43 at 1-8).

The Court agrees with Judge Denney. Silva states colorable claims under the First Amendment Free Exercise Clause and RLUIPA against Defendants

2

Stogner, Walsh, and Snyder.[1] The Court further agrees that Silva has neither explained how Defendant Brumfeld denied Silva's ability to exercise his faith requirement to consume Kosher foods, or how being denied meetings with Defendant Rosskamm violated Silva's rights under the First Amendment or RLUIPA. As Magistrate Judge Denney pointed out, Silva has had several opportunities to state claims against Defendants Brumfeld and Rosskamm; the Court agrees that dismissal of these two defendants should be with prejudice.

Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full, with the exception of substituting Chaplain Calderon for Chaplain Snyder rather than Deputy Director Williams as discussed in ECF No. 59.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 43) is accepted and adopted in full with the exception of substituting Chaplain Calderon for Chaplain Snyder.

It is further ordered that Silva is allowed to proceed with the First Amendment Free Exercise Clause, RLUIPA and equal protection claims against Defendants Stogner, Walsh, and Calderon (only in his official capacity), but that he is not allowed to proceed against Snyder.

It is further ordered that Defendants Brumfeld and Rosskam are dismissed with prejudice.

It is further ordered that Defendants shall file an answer or other responsive pleading within 30 days of the date of this Order.

DATED THIS 30th day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] Chaplain Julio Calderon has been substituted for Chaplain Snyder. *See* ECF No. 59.