# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SILVA,<br><br>　　Plaintiff<br><br>v.<br><br>JAMES STOGNER, et al.,<br><br>　　Defendants | Case No.: 3:20-cv-00027-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 69 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's emergency motion for temporary restraining order (TRO). (ECF No. 69.) Defendants filed a response. (ECF No. 70.) Plaintiff filed a reply. (ECF No. 71.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC).

The court screened Plaintiff's second amended complaint (SAC) and allowed him to proceed with claims under the First Amendment's Free Exercise Clause and RLUIPA against defendants Stogner, Snyder, and Walsh. The claims are based on allegations that Defendants denied Plaintiff, who is a Messianic Jew, a variety of religious items, denied him the ability to receive donated religious items, denied him the ability to properly observe Saturday Sabbath

services, and hindered his ability to properly observe holy feast days, without any reasonable basis for doing so. Defendant Snyder passed away, and he was dismissed without prejudice insofar as he was sued in his individual capacity. Chaplain Julio Calderon was substituted in Snyder's place insofar as he was sued in his official capacity. (ECF Nos. 43, 59, 60.)

On August 11, 2023, Plaintiff filed an emergency motion for TRO. First, he asserts that the law library supervisor, Martha Simas, has failed to respond to his requests and/or failed to complete Plaintiff's requests "without undue agitations"; has denied his request to purchase necessary legal supplies; changed the hours of operation of the law library in violation of NDOC administrative regulations; denied needed photocopies for interrogatories to Calderon; and denied him notary services.

Second, Plaintiff asserts that Correctional Officer Holz altered his secure telephone pin number and denied him communication with his attorney, and placed Plaintiff's life in danger by removing Plaintiff's inmate request from the unit mailbox and read it aloud to the unit's workforce in retaliation for Plaintiff's filing of grievances.

Finally, Plaintiff claims that Correctional Officer Rushing placed a razor in Plaintiff's housing area to falsify a notice of charges against Plaintiff in retaliation for his filing of grievances.

## II. DISCUSSION

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id*. "The relationship between the preliminary

injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

Plaintiff is proceeding with claims under the First Amendment's Free Exercise Clause and RLUIPA related to allegations of the denial of his *religious* rights. The topic of this emergency motion is access to certain law library services, and conduct of two correctional officers that is wholly unrelated to the allegations in this action. There is no nexus between the claims proceeding in this action and his requested injunctive relief. None of the persons mentioned motion for injunctive relief are defendants in this action. Therefore, the court lacks authority to grant the requested relief and Plaintiff's motion should be denied.

If Plaintiff has reached his maximum copy work allowance, he must file a motion with the court requesting an increase of his copy work debt demonstrating that an increase is necessary for him to provide copies to the court or other parties.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's emergency motion for a TRO (ECF No. 69).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

3

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 12, 2023

_____
Craig S. Denney
United States Magistrate Judge

4