UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD SILVA,<br><br>                           Plaintiff,<br>v.<br>JAMES STOGNER, *et al.*,<br><br>                           Defendants. | Case No. 3:20-cv-00027-ART-CSD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 69) |

### I.   INTRODUCTION

*Pro se* Plaintiff Ronald Silva brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) against Defendants James Stogner, Lisa Walsh, and Julio Calderon (collectively, "Defendants"). Mr. Silva is currently incarcerated in the Northern Nevada Correctional Center ("NNCC"). Mr. Silva, a Messianic Jew, alleges that Defendants, employees of the NNCC, denied him various religious items and hindered his ability to practice his faith.

Before the Court is an Objection, (ECF No. 75), to Magistrate Judge Craig S. Denney's Report and Recommendation ("R&R"), (ECF No. 74), recommending the denial of Mr. Silva's Motion for Temporary Order of Restraint ("TRO"), (ECF No. 69). For the reasons stated below, the Court overrules Mr. Silva's Objection and adopts Judge Denney's R&R in full.

### II.   BACKGROUND

The Court incorporates by reference Judge Denney's recitation of the facts in his R&R. (ECF No. 74 at 1-2.)

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings

1

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because Mr. Silva filed an Objection to Judge Denney's R&R, (ECF No. 75), the Court's review is *de novo.*

## IV.    DISCUSSION

In his R&R, Judge Denney reasoned that Mr. Silva was not entitled to a TRO because he failed to establish a nexus between his operative Complaint and the relief sought in his Motion for TRO. (ECF No. 74 at 3.) Mr. Silva objects that he has, in fact, established a sufficient nexus. (ECF No. 75 at 3.) The Court agrees with Judge Denney.

A party seeking preliminary injunctive relief, through a TRO or otherwise, must demonstrate "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* A "sufficient nexus" exists "where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (internal quotation marks omitted) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Mr. Silva's request for TRO does not demonstrate a "sufficient nexus" with his initial complaint, and it implicates different individuals. Whereas Mr. Silva's initial complaint concerns violations of his religious rights, his Motion for TRO relates to access to law library resources, violation of NDOC policy on law library hours, failure of non-parties to involve themselves in a particular litigation

1  proceeding, interference with access to prison telephones, violation of privacy,
2  fraud, and bad-faith complaint filing. (ECF No. 69 at 3-5.) While some of these
3  allegations are serious, they bear little relation to the claims in Mr. Silva's Second
4  Amended Complaint.

5  Mr. Silva's TRO motion also focuses on entirely different individuals than
6  the Defendants named his complaint. The motion for TRO names the NCCC law
7  library supervisor, a Deputy Attorney General, and two correctional officers. *Id.*
8  Mr. Silva states that several individuals identified in his TRO motion are
9  "subordinate employees" of Defendants but fails to explain that connection. (*See,*
10 *e.g., Id.* at 3.)

11 Mr. Silva objects that he has established a sufficient nexus because, *inter*
12 *alia*, access to library resources and freedom from retaliation are necessary to
13 adjudicating his underlying claim of violation of his religious rights. But more is
14 needed to meet the Ninth Circuit's "sufficient nexus" requirement. *See Pacific*
15 *Radiation Oncology*, 810 F.3d at 636 (denying motion for preliminary injunctive
16 relief because it lacked sufficient relationship or nexus to underlying complaint).
17 Although Mr. Silva's claim bears *some* relationship to his TRO motion, in that he
18 claims that prison officials are retaliating against him by obstructing his ability
19 to litigate this case, this allegedly retaliatory conduct involves different officials
20 and different conduct than his underlying claims.

21 In light of these deficiencies and the failure of the TRO motion to address
22 the merits of Mr. Silva's complaint, the Court need not reach the remaining TRO
23 factors.

24 **V.   CONCLUSION**

25 It is therefore ordered that Plaintiff's Emergency Motion for TRO (ECF No.
26 69) is denied, Judge Denney's R&R regarding that Motion (ECF No. 74) is adopted
27 in full, and Plaintiff's Objection (ECF No. 75) to Judge Denney's R&R is overruled.
28 Additionally, Plaintiff's request for an oral hearing, included in his reply brief

(ECF No. 71) is denied as moot.

DATED THIS 23rd day of October 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE