# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD SILVA,

    Plaintiff,

v.

JAMES STOGNER, et al.,

    Defendants.

Case No.: 3:20-cv-00027-ART-CSD

**Order Adopting Report & Recommendation of United States Magistrate Judge**

Plaintiff Ronald Silva brings this action against Defendants James Stogner, Lisa Walsh, and Julio Calderon for claims related to events that took place when Silva was incarcerated at the Northern Nevada Correctional Center (NNCC). Silva alleges that Defendants denied him various religious items and hindered his ability to practice his faith. The Court previously screened Silva's Second Amended Complaint (ECF No. 35) and allowed his First Amendment and RLUIPA claims to proceed (ECF No. 43, 60.) Defendants filed a motion for summary judgment, arguing that Silva failed to exhaust administrative remedies on certain claims; that Silva's injunctive and RLUIPA claims are moot because Silva is no longer incarcerated; that Defendant Walsh did not personally participate in the alleged violations; and that all Defendants are entitled to qualified immunity. (ECF No. 83.) U.S. Magistrate Judge Craig S. Denney issued a report and recommendation (R&R) recommending that the motion be granted in part and denied in part. Neither party has objected to the R&R. For the following reasons, the Court adopts Judge Denney's R&R in full.

## I. BACKGROUND

Silva is a practicing Messianic Jew who was incarcerated at NNCC until October 2023. (ECF Nos. 35 at 3; 83 at 12.) Silva claims that Defendants

1

repeatedly denied his requests for the following religious items: prayer shawl, undergarment, leather prayer boxes, sabbath and Chanukah candlesticks, spice holder, holy days robe, and prayer rugs. (ECF No. 35 at 5.) Plaintiff claims that Defendants also denied his requests to receive various religious items by donation. (*Id.* at 6.) Finally, Plaintiff claims that Defendants denied him a two-day observance of the holy day of Purim. (*Id.*) The Court found that Plaintiff stated colorable claims under the First Amendment Free Exercise Clause and RLUIPA against Defendants Stogner, Walsh, and Calderon (the latter in his official capacity only). (ECF Nos. 43; 60.)

## II.   DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection to this R&R, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Judge Denney recommends first that the Court grant Defendants summary judgment on Plaintiff's RLUIPA claims and to the extent that Plaintiff seeks injunctive relief for his First Amendment claim. (ECF No. 95 at 5-6.) The Court agrees with Judge Denney's finding that these claims are moot because Plaintiff has been released from custody and has not alleged any continuing effects of the violations. (*Id.*)

1          Judge Denney next recommends that the Court deny Walsh summary
2   judgment on Defendants' personal participation argument. (*Id.* at 6.) The Court
3   agrees that Defendants have failed to meet their burden of showing that Walsh,
4   who had authority to supervise the chaplain in day-to-day religious services, did
5   not personally participate in the alleged deprivations of Plaintiff's rights. (*Id.*)
6          Third, Judge Denney recommends that the Court grant Defendants
7   summary judgment on the portion of Plaintiff's First Amendment complaint
8   which alleges that his rights were violated due to the denial of requests to receive
9   donated religious items. (*Id.* at 8; *see* ECF No. 35 at 6.) The Court agrees with
10  Judge Denney's finding that Plaintiff did not file a grievance concerning the denial
11  of requests to receive religious items by donation and therefore failed to exhaust
12  administrative remedies on this claim. (ECF No. 95 at 8; *see* ECF No. 83-6.)
13         Finally, Judge Denney recommends that the Court deny Defendants
14  summary judgment on qualified immunity grounds. (ECF No. 95 at 9-13.) In this
15  analysis, Judge Denney recommends that the Court grant Defendants summary
16  judgment insofar as Plaintiff contends that his First Amendment rights were
17  violated due to the alleged denial of several religious items—a prayer shawl,
18  undergarment, leather prayer boxes, candlesticks, spice holder, and prayer
19  rugs—because Defendants have presented evidence showing that Plaintiff's
20  requests for these items were either approved or that these items were available
21  in the chapel storage room. (*Id.* at 11.) The Court agrees with Judge Denney's
22  finding that Defendants have not met their burden of demonstrating that they
23  are entitled to qualified immunity for their denial of Plaintiff's request for a
24  religious robe and Plaintiff's request to observe Purim over a two-day period, but
25  have demonstrated that they are entitled to summary judgment regarding the
26  requests for other items. (*Id.*)
27         Having reviewed the R&R, Defendants' motion for summary judgment, and
28  the record in this case, the Court adopts the R&R in full.

### III.    CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 95) is accepted and adopted in full.

Accordingly, Defendants' motion for summary judgment (ECF No. 83) is granted in part and denied in part as follows:

(1) Defendants are GRANTED summary judgement as to Plaintiff's RLUIPA claims;

(2) Defendants are GRANTED summary judgment insofar as Plaintiff seeks injunctive relief for his First Amendment claim;

(3) Defendants are GRANTED summary judgment as to Plaintiff's claim that his First Amendment rights were violated by the denial of requests to receive donated religious items;

(4) Defendants are GRANTED summary judgment insofar as Plaintiff alleges that his First Amendment rights were violated because he was denied the following items: prayer shawl, undergarment, leather prayer boxes, candlesticks, spice holder, and prayer rugs; and

(5) Defendants are DENIED summary judgment as to Plaintiff's First Amendment claim that he was denied a religious robe and the ability to observe the holy day of Purim over a two-day period. This claim will proceed against Defendants Stogner, Walsh, and Calderon.

DATED: November 26, 2024

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE